# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

TOMMY SHARP, et al.                                                PLAINTIFFS

V.                                         CIVIL ACTION NO. 2:12-CV-82-KS-MTP

ATWOOD MOBILE PRODUCTS, INC., et al.                               DEFENDANTS


## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** the Motion to Dismiss [7] filed by Defendant Atwood Mobile Products, LLC and **denies** the Motion for Leave to Conduct Written Discovery [17] filed by Plaintiffs.

## I. BACKGROUND

This is a product liability case stemming from the explosion of a travel-trailer. On June 4, 2010, Plaintiff Billy Ray Herrington and his son-in-law, Plaintiff Tommy Sharp, examined a Pilgrim International Travel Trailer that Plaintiffs Billy Ray and Nancy Herrington had purchased from Defendant Martin & Martin Auctioneers of Mississippi, Inc. Herrington and Sharp entered the travel-trailer to inspect it, and it exploded, injuring them both.

Plaintiffs filed a complaint in the Circuit Court of Jones County, Mississippi, alleging various causes of action against a number of Defendants. Among other things, Plaintiffs claim that the gas alarm inside the travel-trailer was defective. Plaintiffs failed to allege the specific roles that each Defendant played in the gas alarm's journey from its initial design to the explosion that led to this case, but Plaintiff represented

in briefing that either Atwood Mobile Products, Inc. ("Atwood Inc.") or Atwood Mobile Products, LLC ("Atwood LLC") manufactured the alarm. Defendants removed the case, and Atwood LLC filed a Motion to Dismiss [7], which the Court now addresses.

## II. DISCUSSION

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory

2

allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

Atwood LLC offered several documents in support of its motion. Although the Court is generally not permitted to consider matters outside the pleadings when addressing a 12(b)(6) motion, it can "consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). This includes matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007). The exhibits attached to Atwood LLC's motion appear to be matters of public record, and the Court may consider them.

Defendant Atwood LLC was formed on April 12, 2007. It later purchased the assets of Atwood Inc. in a sale pursuant to 11 U.S.C. § 363 that was approved by an order of the United States Bankruptcy Court for the District of Delaware. Atwood LLC argues that the purchase agreement and court order absolve it of all potential liabilities related to products manufactured by Atwood Mobile Products, Inc. prior to August 15, 2007 – the date of the sale's closing. Of course, Plaintiffs disagree, and they have presented a variety of arguments against dismissal of their claims against Atwood LLC.

3

It is not necessary for the Court to address all of the arguments presented by Defendant and Plaintiffs. Dismissal of Plaintiffs' claims against Atwood LLC would be inappropriate at this time because neither the allegations of Plaintiffs' complaint nor the exhibits attached to Defendant's motion demonstrate that the gas alarm at issue in this case was manufactured prior to August 15, 2007. In other words, it is presently impossible for the Court to determine whether Plaintiffs' claims arise from Atwood Inc.'s actions before the bankruptcy sale or from Atwood LLC's actions after the bankruptcy sale.[1]

### III. CONCLUSION

For the reasons stated above, the Court **denies** Defendant Atwood Mobile Products, LLC's Motion to Dismiss [7] without prejudice. The Court also **denies** Plaintiffs' Motion for Leave to Conduct Written Discovery [17] as moot.

SO ORDERED AND ADJUDGED this 24th day of July, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE

---

[1] Atwood LLC represented in briefing that the gas alarm was designed and manufactured prior to August 15, 2007, but a mere representation in briefing does not constitute evidence. Regardless, the Court's review is limited under Rule 12(b)(6).