IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

TOMMY SHARP, et al.                                          PLAINTIFFS

V.                                       CIVIL ACTION NO. 2:12-CV-82-KS-MTP

ATWOOD MOBILE PRODUCTS, INC., et al.                        DEFENDANTS

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **grants** the Motion to Dismiss [20] filed by Defendant Evergreen Recreational Vehicles, LLC; **denies** the Motion for Leave to Conduct Written Discovery [31] filed by Plaintiffs; and **denies** the Motion to Stay [35] filed by Defendant Evergreen Recreational Vehicles, LLC.

### I. BACKGROUND

This is a product liability case stemming from the explosion of a travel-trailer. On June 4, 2010, Plaintiff Billy Ray Herrington and his son-in-law, Plaintiff Tommy Sharp, examined a Pilgrim International travel-trailer that Plaintiffs Billy Ray and Nancy Herrington had purchased from Defendant Martin & Martin Auctioneers of Mississippi, Inc. Herrington and Sharp entered the travel-trailer to inspect it, and it exploded, injuring them both.

Plaintiffs filed a complaint in the Circuit Court of Jones County, Mississippi, alleging various causes of action against a number of Defendants. Among other things, Plaintiffs claim that the gas alarm inside the travel-trailer was defective. Plaintiffs alleged that Defendant Evergreen Recreational Vehicles, LLC is the product line

successor to Defendant Pilgrim International, Inc., which manufactured the travel-trailer at issue. Defendants removed the case, and Evergreen filed a Motion to Dismiss [20], which the Court now addresses.

## II. MOTION TO DISMISS [20]

"Motions to dismiss under Rule 12(b)(6) are viewed with disfavor and are rarely granted." *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (punctuation omitted). "To survive a Rule 12(b)(6) motion to dismiss, [a plaintiff's complaint] need only include a short and plain statement of the claim showing that the pleader is entitled to relief." *Hershey v. Energy Transfer Partners., L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). However, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (punctuation omitted).

"To be plausible, the complaint's factual allegations must be enough to raise a right to relief above the speculative level." *Id.* (punctuation omitted). "The complaint need not contain detailed factual allegations, but must state more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *PSKS, Inc. v. Leegin Creative Leather Prods., Inc.*, 615 F.3d 412, 417 (5th Cir. 2010) (punctuation omitted). When determining whether a plaintiff has stated a valid claim for relief, the Court must "accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. However, the Court will not accept as true "conclusory

2

allegations, unwarranted factual inferences, or legal conclusions." *Id.* Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey*, 610 F.3d at 246 (punctuation omitted).

Evergreen offered several documents in support of its motion. Although the Court is generally not permitted to consider matters outside the pleadings when addressing a 12(b)(6) motion, it can "consider matters of which [it] may take judicial notice." *Lovelace v. Software Spectrum*, 78 F.3d 1015, 1017-18 (5th Cir. 1996). This includes matters of public record. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir. 2007). The exhibits attached to Evergreen's motion are matters of public record, and the Court may consider them. However, the Court elects to not do so, as it is not necessary for disposition of the motion.

Plaintiff seeks to impose liability upon Evergreen under a "product line successor" theory. The Mississippi Supreme Court has discussed this theory of product liability:

> The general rule has been that a corporation which acquires all of the assets, but no stock, of another corporation does not also acquire the debts and liabilities of the original. However, under the product line theory, successor corporations which undertake the manufacture of the same products as the predecessor are liable for injuries caused by defects in that product and inherit the liabilities associated with the product even if sold and manufactured by the predecessor corporation. Under the

3

> product line theory, manufacturers (both predecessor and successor corporations) are in a better position to insure against defective products, and the compensation of innocent victims is spread throughout society.
>
> * * *
>
> Even under the product line theory, certain elements must be present to subject a successor corporation to liability for the products of a predecessor. The successor must produce the same product under a similar name, have acquired substantially all of the predecessor's assets leaving no more than a corporate shell, hold itself out to the public as a mere continuation of the predecessor, and benefit from the good will of the predecessor.

*Huff v. Shopsmith*, 786 So. 2d 383, 387 (Miss. 2001) (citations omitted).

Plaintiffs' Complaint contains no factual allegations which, if true, would subject Evergreen to liability as a product line successor to Pilgrim. Plaintiffs merely alleged that Evergreen was the product line successor to Pilgrim, but the Court can not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions" as true. *Great Lakes Dredge & Dock Co. LLC*, 624 F.3d at 210. Such conclusory allegations must be supported by specific factual allegations. *Iqbal*, 556 U.S. at 664. Plaintiffs provided no factual allegations demonstrating that the elements of product line successor liability are present in this case. Accordingly, they have failed to state a claim for which relief may be granted.

### III. MOTION FOR LEAVE TO CONDUCT WRITTEN DISCOVERY [31]

Plaintiff seeks leave to conduct written discovery in the hope of finding facts relevant to the issue of product line successor liability. However, a party who fails to state a claim for which relief may be granted can not use discovery to discover facts that should have been pled in the complaint. *See Iqbal*, 556 U.S. at 678; *Wolcott v.*

4

*Sebelius*, 635 F.3d 757, 772 (5th Cir. 2011) (". . . confidence in finding facts in the future is not enough to save a claim for which sufficient factual allegations have not already been pled."). As the Fifth Circuit has noted: "Rule 11 requires that any factual statements be supported by evidence known to the pleader, or, when specifically so identified, will *likely* have evidentiary support after discovery. There has to be more underlying a complaint than a hope that events happened in a certain way." *Floyd v. City of Kenner*, 351 F. App'x 890, 898 (5th Cir. 2009). Phrased more succinctly: "[D]iscovery is not the place to determine if one's speculations might actually be well-founded." *Id.* The Court **denies** Plaintiffs' Motion for Leave to Conduct Written Discovery [31].

### III. CONCLUSION

For the reasons stated above, the Court **grants** the Motion to Dismiss [20] filed by Defendant Evergreen Recreational Vehicles, LLC. Plaintiffs' claims against Evergreen are **dismissed without prejudice**. The Court also **denies** Plaintiffs' Motion for Leave to Conduct Written Discovery [31], and Evergreen's Motion to Stay [35] is **denied as moot.**

SO ORDERED AND ADJUDGED this 24th day of July, 2012.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE