# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**TOMMY SHARP, et al.**                                                        **PLAINTIFFS**

**V.**                                           **CIVIL ACTION NO. 2:12-CV-82-KS-MTP**

**ATWOOD MOBILE PRODUCTS, INC., et al.**                         **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** the Motion for Summary Judgment [69] filed by Defendant Atwood Mobile Products, LLC.

## I. BACKGROUND

This is a product liability case arising from the 2010 explosion of a travel-trailer because of an allegedly faulty gas alarm. It is undisputed that the gas alarm was manufactured by Defendant Atwood Mobile Products, Inc. ("Atwood Inc.") in 2004. Defendant Atwood Mobile Products, LLC ("Atwood LLC") was formed on August 12, 2007. It purchased Atwood Inc.'s assets in a bankruptcy sale on August 15, 2007, pursuant to 11 U.S.C. § 363 and approved by an order of the United States Bankruptcy Court for the District of Delaware. The Bankruptcy Court specifically provided that Atwood LLC purchased Atwood Inc.'s assets free and clear of all liabilities, including claims under a theory of successor liability. Accordingly, Atwood LLC argues that it can not be liable for the actions of its predecessor corporation.

## II. DISCUSSION

Rule 56 provides that "[t]he court shall grant summary judgment if the movant

shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (punctuation omitted). The nonmovant "must come forward with specific facts showing that there is a genuine issue for trial." *Id.* (punctuation omitted). "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc.*, 627 F.3d at 138. "An issue is 'genuine' if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812.

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009). When deciding whether a genuine fact issue exists, "the court must view the facts and the inference to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002).

## A.    *Effect of the Bankruptcy Court's Order*

First, Atwood LLC argues that it purchased Atwood Inc.'s assets free and clear of all claims or liabilities, as stated in the Bankruptcy Court's sale order [7-5]. The

2

Bankruptcy Code defines a "claim" broadly: a "right to payment, whether or not such right is reduced to judgment, liquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). But jurisdictions are split on how to treat tort claims which have not yet accrued. *Lemelle v. Universal Manufacturing Corporation*, 18 F.3d 1268, 1275-77 (1994).

There are three approaches. First, "some courts have taken the view that a 'claim' does not arise in bankruptcy until a cause of action has accrued under non-bankruptcy law . . . ." *Egleston v. Egleston*, 448 F.3d 803, 813 (5th Cir. 2006). Second, some courts have held that "if a debtor's conduct forming the basis of liability occurred pre-petition, a 'claim' arises under the Code when that conduct occurs, even though the injury resulting from this conduct is not manifest at the commencement of the bankruptcy proceedings." *Id.* Third, some courts "have determined that a claim arises at the time of the debtor's negligent conduct forming the basis of liability *only if* the claimant had some type of specific relationship with the debtor at that time." *Id.*

Defendant Atwood LLC argues that the Court should follow the second approach, while Plaintiffs argue that the Court should follow the first one. As it happens, the Fifth Circuit adheres to the third approach, requiring evidence of "pre-petition contact, privity, or other relationship between the parties" before finding that a bankruptcy proceeding discharged an unaccrued tort claim. *Id.*; *Lemelle*, 18 F.3d at 1277.

Here, it is undisputed that Plaintiffs' claims accrued after the sale of Atwood Inc.'s assets and the confirmation of its reorganization plan. Defendant Atwood LLC

3

has not provided evidence of any "pre-petition contact, privity, or other relationship" between Atwood Inc. and Plaintiffs. *Egleston*, 448 F.3d at 813; *Lemelle*, 18 F.3d at 1277. Therefore, the Court is precluded from finding that Plaintiffs' claims were discharged in the bankruptcy proceedings.

## B. *Successor Liability*

It is undisputed that Atwood Inc. manufactured and sold the gas alarm at issue before Atwood LLC even existed. Plaintiffs, therefore, are proceeding against Atwood LLC under a theory of successor liability. Atwood LLC argues that successor liability is not viable here because Atwood Mobile Products, Inc. – the party who manufactured and sold the allegedly defective product – is a party to this case. Atwood LLC failed to cite any legal support for this argument.

The Mississippi Supreme Court adopted the "product line successor" theory of liability in *Huff v. Shopsmith*, 786 So. 2d 383, 387-88 (Miss. 2001). Under this theory of liability, "successor corporations which undertake the manufacture of the same products as the predecessor are liable for injuries caused by defects in that product and inherit the liabilities associated with the product even if sold and manufactured by the predecessor corporation." *Id.* at 387. Plaintiffs proceeding under this theory must prove the following elements: "The successor must produce the same product under a similar name, have acquired substantially all of the predecessor's assets leaving no more than a corporate shell, hold itself out to the public as a mere continuation of the predecessor, and benefit from the good will of the predecessor." *Id.*

The Mississippi Supreme Court did not require that the predecessor corporation

4

be absent from a claimant's suit against the successor corporation. *Id.* In fact, it reasoned that *both* the predecessor and successor corporations were in a better position to insure against defective products. *Id.* Therefore, it seems unlikely that the Mississippi Supreme Court would disallow the use of a product line successor theory of liability merely because both the predecessor and successor corporations are parties to the suit.

### III. CONCLUSION

For the reasons stated above, the Court **denies** the Motion for Summary Judgment [69] filed by Defendant Atwood Mobile Products, LLC.

SO ORDERED AND ADJUDGED this 14th day of May, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE